# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN ESTIWAR JACOME,<br><br>                    Petitioner,<br><br>          v.<br><br>DOMINGO URIBE, JR.,<br><br>                    Respondent.<br>_____ | Case No.: 1:13-cv-00072-AWI-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDING TO EXHAUST STATE COURT REMEDIES AND GRANTING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A REPLY<br><br>(ECF Nos. 16, 20) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner, proceeding pro se, filed the instant petition for writ of habeas corpus on November 5, 2010, in the United States District Court for the Central District of California.  On November 10, 2010, an order was issued transferring the petition to this Court.  However, the Court did not actually receive the petition until January 15, 2013.

On January 22, 2013, the Court directed Respondent to file a response to the petition. Respondent filed an answer to the petition on March 18, 2013.

On April 8, 2013, Petitioner filed a motion for an extension of time to file his traverse.  The Court granted Petitioner's motion on April 11, 2013.

On May 8, 2013, Petitioner filed a motion to stay the proceedings to exhaust Ground Four of the petition.  Respondent filed an opposition to Petitioner's motion on May 9, 2013, and Petitioner, through counsel, filed a reply June 3, 2013.

1

On May 17, 2013, counsel David Mugridge filed a notice of appearance in this case, along with a motion for an extension of time to file a reply.[1]

**I.**

**DISCUSSION**

**A.      Motion to Stay Proceedings**

In <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), the Supreme Court held a federal court has limited discretion to stay the proceedings to allow a petitioner to return to state court to exhaust the judicial remedies.  Under <u>Rhines</u>, a federal petition containing both exhausted and unexhausted claims is stayed and remains pending in federal court while the petitioner returns to state court to exhaust.  <u>Id.</u> at 277.  Therefore, the <u>Rhines</u> procedure protects the petitioner from any potential untimeliness. However, there are limitations when the petition may be stayed under <u>Rhines</u>.  In order to qualify for a stay under <u>Rhines</u>, the petitioner must (1) show good cause for his failure to exhaust all claims before filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3) indicate the status of any pending state court proceedings regarding the unexhausted claim; and (4) there must be no indication that the petitioner engaged in intentionally dilatory litigation tactics.  <u>Id.</u> at 277-278.

The California Supreme Court denied Petitioner's petition for review on February 9, 2009, and judgment became final 90 days thereafter, i.e. May 11, 2009.  Absent any applicable tolling, Petitioner had one-year from May 11, 2009, to file a federal petition for writ of habeas corpus.  Petitioner filed the instant federal petition for writ of habeas corpus in November 2010.

Petitioner implicitly concedes that he filed the instant motion to stay the proceedings after Respondent filed an answer to the petition pointing out that ground four of the petition (Sixth Amendment claim challenging his sentence) was not exhausted in the state court.

In this instance, the Court does not find good cause.  Respondent has filed an answer to the petition and Petitioner's reply is past due.  Indeed, in his motion, Petitioner cites only to the fact that his pro se status and limitations of his incarceration as a potential basis for "good cause."  In his reply,

---

[1] In the motion, counsel acknowledges that Petitioner has previously requested an extension of time file a traverse which was due on or before May 13, 2013.  Instead of filing the reply, Petitioner filed a motion to stay the proceedings to return to state court to exhaust ground four of the petition.

Petitioner argues good cause is established by employing an "excusable neglect" standard.  (Reply, at 3-4.)  Petitioner argues good cause is established because there is no prejudice to respondent, the length of delay would be minimal, and there is no showing of bad faith on the part of petitioner.  (Id. at 4.)  Such circumstances do not provide a basis for demonstrating good cause.  If this were the case then every petitioner who proceeds pro se would be entitled to a stay and it would render the stay-and-abey procedure routine, contrary to the holding of Rhines which instructs district courts that a stay is only appropriate in limited circumstances.  Rhines, 544 U.S. at 276-277 ("Stay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the AEDPA to timely file a petition for writ of habeas corpus and to exhaust all claims before presenting to a federal court.)  As the Ninth Circuit acknowledged in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008):

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-abey orders routine.  Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised un unexhausted claim and secure a stay.  Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."

Moreover, prejudice to Respondent will result if this case is stayed because an answer to the petition has been filed, and there is no indication of the length of time this case would be stayed pending exhaustion of the state court remedies.

Furthermore, Petitioner's claim is untimely and does not relate back to the original petition and any potential stay under King v. Ryan, must also be denied.  In King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009), the Ninth Circuit held that a stay is also available under the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (hereinafter "Kelly").  Pursuant to Kelly, the petitioner initially amends the petition to delete any unexhausted claims.  King v. Ryan, 564 F.3d at (citing Kelly, 315 F.3d at 1070-1071.)  The court then stays and holds the amended petition in abeyance and allows the petitioner to return to state court to exhaust the deleted claims.  Id.  After completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original petition.  Id.

The <u>Kelly</u> procedure does not require a showing of good cause for the delay.  <u>King</u>, 564 F.3d at 1140.  The Ninth Circuit has noted, because the <u>Kelly</u> procedure does not leave the mixed petition pending, a petitioner proceeding under this procedure risks that he may not be able to comply with the timeliness of the deleted claims to amend back into the petition after exhaustion.   A claim can only relate back to a pending federal petition only if the new claim shares a "common core of operate facts" within the claims in the pending petition.  <u>Id.</u> at 1141.  A new claim does not relate back to another claim simply because it arises from "the same trial, conviction, or sentence.  <u>Mayle v. Felix</u>, 545 U.S. 644, 662-664 (2004).

Because ground four of the petition would have to be removed from the petition in order to return to state court to exhaust the claim and then added back into the petition after exhaustion is complete, it is untimely.  As previously stated, the statute of limitations expired early 2011, and amendment at some future unknown date is untimely because the claim does not relate back to any claims raised in the original petition.[2]  Thus, a stay under <u>King</u> is unwarranted.

**B.      Motion for Extension of Time to File Reply**

As previously stated, Petitioner, through counsel, filed a second motion for an extension of time to file a traverse, after the prior deadline expired on May 13, 2013.

1.      <u>Standard of Review</u>

Federal Rules of Civil Procedure, Rule 6, subdivision (b)[3] states in pertinent part:

(1)  In General.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(a)  With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires, or

---

[2] Petitioner raises the following five grounds for relief in the instant petition: (1) insufficient evidence to support of attempted murder with premeditation; (2) trial court improperly limited presentation of expert testimony; (3) the prosecutor engaged in misconduct; (4) sentencing error; and (5) ineffective assistance of trial and appellate counsel based on failure to investigate, consult, and present a ballistics expert.  (Pet. at 5-6.)

[3] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed. R. Civ. P. 81(a)(4).  Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 cases.

(b)  On motion made after the time has expired if the part failed to act because of excusable neglect.

"This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  <u>Abanchian v. Xenon Pictures, Inc.</u>, 624 F.3d 1253, 1258-1259 (9th Cir. 2010) (quoting <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983)).  However, "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent.  Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."  Local Rule 144(d).

Pursuant to Rule 5 of the Rules Governing Section 2254 cases, Petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."  Because the deadline to file a traverse has passed, the instant motion for an extension is subject to Rule 6(b) of the Federal Rules of Civil Procedure and must be supported by a showing of excusable neglect.   To determine whether excusable neglect has been shown, the Court should consider all of the relevant circumstances regarding the party's omission, including any prejudice to the nonmovant party, the length of the delay and potential impact on the judicial proceedings, the reason for the delay, and whether the movant has acted in good faith.  <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

2.    <u>Analysis</u>

Petitioner sets for the following reasons for the delay: (1) he is currently incarcerated and was previously handling this matter in pro per; (2) he retained counsel on May 16, 2013; (3) counsel for Petitioner acted diligently after being retained ; (4) Respondent will not be prejudiced by an extension of time; (5) a motion to stay is currently pending; and (6) he has only requested one previous extension of time.  (Motion at 7.)

The Court agrees with Petitioner and finds excusable neglect based on the circumstances surrounding his failure to file a timely reply.  Prior to the deadline, Petitioner filed a motion to stay the proceedings to return to state court to exhausted ground four of the petition.  During the deadline period, Petitioner was in the process of obtaining retained counsel to represent him in this action.

There appears to be little prejudice to the Respondent as Petitioner has previously filed only one request to extend the time, and the request for thirty days is reasonable.  Counsel was retained by Petitioner on May 16, 2013 (three days after the deadline expired), and counsel filed the instant request eight days thereafter.  Based on these circumstances, the Court finds Petitioner has demonstrated excusable neglect, and on the basis of good cause Petitioner's second motion for an extension of time shall be granted.

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Petitioner's motion to stay the instant proceedings to return to state court to exhaust ground four of the petition is DENIED; and

2.      Petitioner's is granted thirty (30) days from the date of service of this order to file a reply to Respondent's answer.

IT IS SO ORDERED.

Dated:   __**June 18, 2013**__                    _____
                                                                   UNITED STATES MAGISTRATE JUDGE

6